23188, Koon Chun Hing Kee Soy & Sauce v. Yang. I'm going to ask Mr. Yang to follow up on our submission. Why don't we begin with that, if you could. When receiving that order, I had the opportunity to scour the record in a way that I had not previously done, especially as substitute counsel in this matter, and it's a very substantial record. I guess it's a simple question that doesn't, in my mind, require delving into the record. The question is whether, I guess, Mr. Zhang and Ms. Yang are U.S. citizens, right? And if yes, then there's diversity. If no, then there's not. So it does appear that that's right. It also appears that there was no allegation in the Well, first, I guess, can you answer that question? Are they citizens, yes or no? I cannot answer that question. You cannot? No, I actually cannot. Was there no discovery taken? There was extensive discovery. So then that question was not asked? It does not appear that it was asked. It does not appear that it was asked. I mean, the court has seen Well, you said you scoured the record, so you would know. Well, I want to say no, but, and the court has seen Lee's submission. I don't believe that Lee brought to the court's attention anything other than the issue of domicile. Domicile seems to have been very clearly established. It's not disputed. But the question of Ms. Yang's citizenship does not appear to be in the record or in the plea. This is your client, and you got their order for a supplemental briefing, and you don't have an answer to that? Well, Your Honor, what the court asked me to do was to ascertain whether the record or the pleadings contain the allegation, not to, you know, add new factual issues to the case. I simply didn't discuss it with my client because it didn't seem that the court asked me to do that. Okay, so we don't have an answer. Understood. Okay, you can proceed. With respect to summary judgment, there's an obvious tension between Rule 56.1's requirements and all the procedural components of a summary judgment where certain facts are put forth and not disputed by the party that is not moving. And the fact that nonetheless, regardless of the paucity of a record, the court, when entering a summary judgment, is obligated to satisfy itself that there are adequate factual and legal bases for doing so. In this case, it appears that successional liability is only part of the question. The real question here is why was, if the facts at issue with respect to successional liability came to the attention of the plaintiff in a 2004 deposition, why in the original case that gave rise to this piercing the veil case, why wasn't that original complaint amended even by motion and the veil piercing claim not made at that time? This is a very unusual way of proceeding to take a case in which there has been a judgment entered and then attempt to use that judgment as the basis for essentially relating back the statute of limitations to an entity that was not originally named and that could have been named during the dependency of the original litigation. That is the essence of our client's summary judgment claim, or rather our client's appeal on the issue of summary judgment. By proceeding the way it is, the plaintiff essentially lost the benefit of relating back that it might have had with respect to the statute of limitations. I wouldn't call it a latches, but I do think it's a statute of limitations problem and also a res judicata problem. If the case was adjudicated previously, you can't just keep filing cases against parties that you suspect. How could the plaintiff have brought those claims when the whole point of them is to get at payment that your client had not failed to make until after the judgment? I know that was a twisted sentence. I understand, Your Honor. Because the issue on the payment on the liability here comes down to successor liability, the proceeding should have been, again, focused on the original action. There should have been a motion for contempt, a motion to enforce the judgment, to bring a new action against a new entity that was not in the original complaint but which could have been added to the original complaint. But why would you bring successor liability or veal piecing if you don't need to? If you think you're going to get a judgment and that the party you're trying to collect from is good for it, there's no need to bring those. If during the pendency of that litigation that other entity comes to notice, notice of the existence of that entity comes to notice, then it would I thought it took like 15 years to try to have efforts to collect before this new one. So our position, Your Honor, is that the information with respect to that entity became known to the plaintiff in 2004, and therefore that was the appropriate vehicle in terms of the action to bring the enforcement action. I have nothing else. Okay. Thank you, counsel. Thank you, Your Honors. If it may please the court, Peter Spurred for the appellee, Kun Chun. The issues raised on this appeal tread upon new grounds that were not raised before the trial court. Latches, not there, wasn't raised, wasn't argued. And ultimately, the issue, I believe, of collateral estoppel was discussed. Before you go there, can I ask you to address jurisdiction first and then the diversity question? Absolutely. This is the first time in the proceeding that the issue of jurisdiction has been raised. The complaint, the fact that Zan and Yang reside in New York was alleged in the complaint, and it was admitted in the affirmative. Edmund Zang, the son of Yang and Zan, accepted service of the complaint at their house in Queens and stated to the process server that, yeah, they live here. Yeah, but I mean, if it's a subject matter jurisdiction question, even if the parties or the court below missed it, that's still something that we have to address. And I absolutely do not dispute that. But there is a preponderance of the evidence for this court and in the record to clearly establish that the citizenship or the domicile of the residents of these two defendants are in Queens County. So you just said three different things, and it sounds like they may not all be the same here. So maybe you could break that down. Well, as far as residents and domicile, there is really no question that the preponderance of evidence burden is met, that they reside in Queens. They file tax returns with the federal and state government, stating that their residence was in Queens. I'm not a tax expert. I presume if you're a foreign person living in a foreign country filing tax returns with the government, federal or state, there is some kind of separate return. That is filed for income. But there, in these tax filings, they are making declarations that they reside and are domiciled in New York. Now, the one twist that I want to throw upon the court, well, I just want to add the other fact that we have is, aside from the tax returns, is that— I believe that they are. Yes. That was from her deposition testimony. So it is in the record. Can you point us to— Yan—I'm sorry. I can't, actually, point to a part in the record where she claims that she is a citizen of the United States. Why don't you clarify that? There is history in the record of when they came to the United States, when they were married, where their childs were born, etc. And so with respect to that issue, I can't say definitively whether or not they are green card holders or what their status is. They have social security numbers. They file their taxes. They each have their own social security numbers. They file their taxes with the federal government and the state government. But everybody who lives here has to file taxes. That doesn't mean that they're citizens. There are millions of people living here who file taxes and are not citizens. I understand that, Judge. The only question is whether they are citizens.  Then we don't seem to have an answer. The one thing I would raise to the court with respect to Codefendant Zan, who is the husband, is that he is a disposable, non-critical party here. So he was either—his joinder doesn't defeat jurisdiction because he's an unnecessary and dispensable party, as was even held by the trial court below, that because he was already a judgment debtor, that those claims against him are unnecessary and duplicative. So I think we could sever the standing issue with respect to Zan. And if the court wishes to focus its inquiry only on Yang, which is the wife, I think that would be more appropriate. But I do believe that with respect to having standing here, that there is a preponderance of the evidence that she is a citizen here in the United States, though I can't point it out in the record as to specifically where that rests. We have the tax returns. We have the mortgages. We have the son's admission. We have her own admission and her testimony of where she resides. We have numerous bank statements, month after month, being sent to the home address. Okay, thank you. With respect to the other arguments, I think that, you know, we have these arguments raised for the first time. Lachey's statute of limitations were not argued below, not preserved, not even referenced in the court's decision. All the facts in the complaint have been admitted. There was no counter rule 56-1 statement on appeal. And even at the trial court below, there's no specific citation or point to any specific fact that's lacking. And while the court below had the right to assiduously review and comb through the enormous record here, it's under no burden to do so, and I don't believe it's the burden of this court, while it does have de novo review, to comb through the record and create questions of fact where none were specifically cited below. I have nothing further. Thank you, counsel. I don't think you reserve time for rebuttal, so we'll take the case under advisement. Thank you both. Thank you.